## CAIN v ROSE et

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 23, 1932

Matz & Matz, Woodsfield, for plaintiff in error.

T. J. Kremer, Woodsfield, for defendant in error.

298

FARR, J.

Therefore, it becomes readily apparent that the pivotal issue in this case is whether or not there was an abandonment of this roadway at any time since the grant by R. L. Cain to Burkhart.

In this behalf, there is but little question about the use of the right of way during the time that Burkhart owned the 54 acres, but it is claimed that when the Tremblys took possession, that, owing to the opportunity to use another road or way near Sunfish Creek, it was not necessary to use the right of way in question.

In this particular, Bert Trembly says that there was no actual abandonment of the right of way, that it was used by any and all persons who desired to reach the Burkhart 54 acres, now occupied by Isaac Cain; and it is suggested that once when a dispute arose over the removal of a threshing machine to the 54 acres, that the occupant of the Rose property objected to the removal of the machine over another part of the premises, but that the thresher was taken in over this right of way without objection.

As to the question of abandonment, there are a number of cases and authorities of interest in this connection. The first case worthy of note is the case of Jackson v Bohlender et, 5 N.P. (N.S.) 305, where, in the third proposition of the syllabi, it is held:

"A title thus acquired in a way is not divested by non-use, unless it be by a total cessation of all acts of enjoyment of the way for the same period necessary to create the original presumption of title by user; and a temporary abandonment of the way, or an interruption in its use on account of objections by the owner of the servient estate, does not operate to divest a title thus acquired by prescription."

In the opinion of Snediker, J., at page 312 he quotes from Washburn on Easements and Servitudes, page 675, §8, as follows:

"Abandonment is a simple non-user of an easement, and in order to make out an effectual answer to the claim upon that ground, I find it perfectly well settled that the enjoyment may, all acts of enjoyment must, have totally ceased for the same length of time that was necessary to create the original presumption."

And again on page 672, of the same authority, it is observed, with reference to obstructions as follows:

"A mere obstruction, however, of an easement, a way for instance, caused by the owner of the servient estate, for less than twenty years, though yielded to by the owner of the easement, would not bar the right any more than a mere non-user of it for that length of time.

An obstruction to its use cannot be said to be an adverse possession of an easement, since an easement is not capable of actual possession apart from its enjoyment."

Another case of interest in this jurisdiction is that of **Kiser v Comm'rs, 85 Oh St, 131,** where Davis, J, observes as follows:

"Whether or not a proprietor has abandoned his rights or his property, is usually a question of fact for a jury to answer, and the answer must depend primarily upon an intention by the proprietor to abandon.

This must be found from all the facts and circumstances of the case. But mere non-user is not ordinarily sufficient to establish the fact of abandonment; and both reason and authority suggest a doubt whether non-user for a period of statutory limitation, as in this case, five years, would be proof of abandonment unless accompanied by a possession adverse to the proprietor."

The subject of abandonment is appropriately treated in 9 R. C. L., 812, §68, as follows:

"An easement may be abandoned by unequivocal acts showing a clear intention to abandon and terminate the right, or it may be done by acts in pais without deed or other writing. The intention to abandon is the material question, and it may be proved by an infinite variety of acts. It is a question of fact to be ascertained from all the circumstances of the case, and, as a rule, no one case can be authority for another."

And again, in **15 O. Jur., at page 122, §93,** the same subject is discussed at considerable length.

Another case of paramount interest in this connection is A. Burgess Collins v John M. Reimers, 1 A.L.R., 878, with particular reference to the annotation at page 884, where under the head of "Non-user without adverse possession," many cases and authorities are cited, practically all of which are to the effect that such right of way may not be lost by non-user, and discussing especially what constitutes abandonment.

However, there is one outstanding fact disclosed by the record, which shows rather unmistakably that this right of way was still regarded as a right attaching to the dominant estate, by reason of the fact that when Isaac Cain removed his personal effects to the 54 acres, that he used this same right of way, hauling his household goods and other property over the right of way by means of a sled.

There was no objection to his doing so, and thereby, the owner of the Rose property unmistakably indicated a knowledge of a subsisting right over this roadway.

There were other unopposed acts which indicate a recognition of a right to use this right of way.

In view of the foregoing, it is quite clear that there was no abandonment of this right of way, that it is still a right which inheres in the owner of the 54 acre tract, and for the reasons given, it follows that the injunction must be allowed as prayed for. Entry accordingly.

POLLOCK and ROBERTS, JJ, concur in the judgment.